IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALLAN RAY VIA, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ELIZABETH MURTAGH, et al., )<br>    Defendants. ) | Case No. 7:22-cv-00188<br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

### MEMORANDUM OPINION

Allan Ray Via, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, along with a partial application to proceed in forma pauperis under 28 U.S.C. § 1915. Having reviewed the complaint, the court concludes that Via has failed to state a cognizable claim against any of the named defendants. Therefore, the court will dismiss the complaint under § 1915(e)(2)(B)(ii).

### I.   Background

This case arises from criminal proceedings commenced against Via in the Circuit Court of Albemarle County, Virginia. According to the complaint, the Circuit Court appointed Elizabeth Murtagh, Albert LaFave, and Johnathan Patrick to represent Via after he was arrested on charges of second degree murder and possession of a firearm by a convicted felon. Compl., ECF No. 1, at 3. Via claims that the attorneys rendered ineffective assistance in numerous respects, including by not "fighting and getting evidence . . . at trial [and] sentencing." Id. at 2.

In addition to the attorneys, Via names Mark Belew as a defendant. Id. at 1. Via alleges that Belew is a detective with the Albemarle County Sheriff's Office. Id. at 3. He seeks to

recover against Belew for "withholding evidence" that would have supported his contention that he acted in self-defense Id. at 3, 13.

At the conclusion of his complaint, Via states that he is seeking up to six million dollars in monetary damages. Id. at 18. He also seeks to be released on "time served with no probation." Id.

## II. Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for determining whether a complaint is subject to dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Thus, when reviewing a complaint under this provision, the court must accept the well-pleaded allegations as true and draw all reasonable factual inferences in the plaintiff's favor. Id. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. Discussion

Via filed suit against the defendants under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights,

privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)). For the following reasons, the court concludes that Via's complaint fails to state a viable § 1983 claim against any of the named defendants.

First, the factual allegations do not plausibly suggest that Murtagh, LaFave, or Patrick acted under color of state law. All of the alleged actions or omissions for which Via seeks to hold these attorneys liable occurred during the course of their representation of Via on criminal charges. It is well settled that an attorney, even when appointed by the court, does not act under color of state law when representing a defendant in a criminal case. See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir. 1980). Accordingly, Via's claims against Murtagh, LaFave, and Patrick are not covered by § 1983.

Second, to the extent Via seeks to recover damages for the alleged withholding of evidence by Bellew, his claim is barred by Heck v. Humphrey, which prohibits § 1983 claims for damages that would "necessarily imply the invalidity" of a plaintiff's conviction. 512 U.S. 477, 487 (1994); see also Griffin v. Balt. Police Dep't, 804 F.3d 692, 693 (4th Cir. 2015) (affirming the district court's decision that the plaintiff's claims for damages for withholding of evidence were barred by Heck). Via does not allege that his convictions have been "reversed on direct appeal, expunged by executive order, declared invalid by a statute tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C.

§ 2254." Heck, 512 U.S. at 486–87. Online court records indicate that Via was sentenced on January 6, 2022, and that no appeal has been filed. See Commonwealth v. Via, No. CR19000773-00, available at http://ewsocis1.courts.state.va.us/CJISWeb/circuit.jsp (last visited May 2, 2022). Therefore, under Heck, a § 1983 claim predicated on the alleged withholding of evidence cannot proceed at this time. See Griffin, 804 F.3d at 696; see also Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999) (holding that the plaintiff's claim that his constitutional rights were violated by the withholding of exculpatory evidence was barred by Heck).

Third, to the extent Via challenges the validity of his confinement and seeks to be released from incarceration, such relief is not available in a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). Via "must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).

## IV.   Conclusion

For the foregoing reasons, Via's complaint will be dismissed without prejudice for failure to state a claim upon which relief can be granted. An appropriate order will be entered.

Entered: May 2, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.05.02 15:15:49
-04'00'

Michael F. Urbanski
Chief United States District Judge